UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE 8th FAMILY COURT OF ISTANBUL, REPUBLIC OF TÜRKIYE IN THE MATTER OF NEZIH ABDULLAH CETIN V. BARRY OWEN TÜMER | CASE NO.  M 93<br><br>**24 Misc. 260 (AT)** |

**MEMORANDUM OF LAW IN SUPPORT OF**
***EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor New
York, New York 10007
Tel.: (212) 637-0378
E-mail:leslie.ramirez-fisher@usdoj.gov

LESLIE A. RAMIREZ-FISHER
Assistant United States Attorney
 – Of Counsel –

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

I.  REQUEST FOR JUDICIAL ASSISTANCE FROM THE 8TH FAMILY COURT OF
    ISTANBUL, REPUBLIC OF TÜRKIYE ........................................................................1

II. ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION VOLUNTARILY ..............3

ARGUMENT ........................................................................................................................4

I.  THE HCCH 1970 EVIDENCE CONVENTION .................................................................5

II. THE UNITED STATES' APPLICATION FULFILLS THE STATUTORY
    REQUIREMENTS OF 28 U.S.C. § 1782(a) ..................................................................6

III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING
     THE UNITED STATES' APPLICATION ......................................................................8

CONCLUSION ....................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

Cases

*Al Fayed v. United States*,
  210 F.3d 421 (4th Cir. 2000) .................................................................................................. 8

*Amtsgericht Ingolstadt, Fed. Republic of Ger.)*,
  82 F.3d 590 (4th Cir. 1996) .......................................................................................... 8, 9, 10

*Application of Malev Hungarian Airlines*,
  964 F.2d 97 (2d Cir. 1992) .................................................................................................. 7, 8

*Boras District Court*,
  153 F.R.D. 31 (E.D.N.Y. 1994) ........................................................................................... 10

*Gushlak v. Gushlak*,
  486 F. App'x 215 (2d Cir. 2012) ............................................................................................ 4

*In re Application of BNP Paribas Jersey Tr. Corp. Ltd.*,
  No. 18 Misc. (PAC), 2018 WL 895675 (S.D.N.Y. Feb. 14, 2018) ........................................ 5

*In re Application of Metallgesellschaft AG*,
  121 F.3d 77 (2d Cir. 1997) ..................................................................................................... 7

*In re Clerici*,
  481 F.3d 1324 (11th Cir. 2007) ............................................................................................. 7

*In re Esses*,
  101 F.3d 873 (2d. Cir. 1996) ................................................................................................. 8

*In re Hornbeam Corp.*,
  722 F. App'x 7 (2d Cir. 2018) ............................................................................................... 5

*In re Mutual Assistance of Local Court of Wetzlar, Germany*,
  1:17-mc-00078-SKO, 2018 WL 306678 (E.D. Cal. Jan. 5, 2018) ......................................... 5

*In re Letter Rogatory from the Nedenes District Court, Norway*,
  216 F.R.D. 277 (S.D.N.Y. 2003) ..................................................................................... 7, 10

*In re Svitavy*,
  748 F. Supp. 2d ............................................................................................................ 8, 9, 10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ...................................................................................................... 7, 8, 9

*Local Court of Ludwigsburg*,
  154 F.R.D. 196 (N.D. Ill. 1994) .......................................................................................... 10

*Local Court of Pforzheim*,
  130 F.R.D. 363 (W.D. Mich. 1989) .................................................................................... 10

*Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*,
  482 U.S. 522 (1987) ............................................................................................................... 5

*Reid v. Covert*,
  354 U.S. 1 (2000) ................................................................................................................... 6

*Schmitz v. Bernstein Liebhard & Lifshitz LLP*,
  376 F.3d 79 (2d Cir. 2004) ................................................................................................ 7, 8

*Whitney v. Robertson*,
  124 U.S. 190 (1888) ............................................................................................................... 6

**Statutes**

28 U.S.C. § 1782 ................................................................................................................. 3, 4, 5, 6
28 U.S.C. § 1782(a) .................................................................................................................. passim

**Rules**

Federal Rule of Civil Procedure 45 ................................................................................................ 4

**Regulations**

28 C.F.R. § 0.49(c) .......................................................................................................................... 3

The United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its *ex parte* application for an order, pursuant to 28 U.S.C. § 1782(a), to execute a Letter of Request from a court in Istanbul, Republic of Türkiye for international judicial assistance to obtain a DNA sample from Barry Owen Tümer.

## INTRODUCTION

### I. REQUEST FOR JUDICIAL ASSISTANCE FROM THE 8TH FAMILY COURT OF ISTANBUL, REPUBLIC OF TÜRKIYE

The U.S. Department of Justice ("DOJ") has received a request for international judicial assistance from the 8th Family Court in Istanbul, Republic of Türkiye (the "Türkiye Court"). Specifically, the Türkiye Court has issued a request seeking judicial assistance to obtain a DNA sample for use in the case captioned *Nezih Abdullah Cetin v. Barry Owen Tümer,* Foreign Reference Number 2018/863. See Declaration of Assistant United States Attorney Leslie A. Ramirez-Fisher ("Ramirez-Fisher Decl."), Ex. A at 1-2, 23 of 38 to 25 of 38.

The facts of this case, as stated in the request, indicate that this is a civil proceeding in which the Türkiye Court is adjudicating the paternity of Hasan Turgut Tümer. *See id.* at 23 of 38 to 25 of 38. The request states that a petition for the action of cancellation of the civil registry records was brought by Att. Lutfu Ertugrul Yesilaltay, attorney for the plaintiff Nezih Abdullah Cetin. In the petition, the attorney stated in brief that Nezih Abdullah Cetin was the brother of Hasan Turgut Tümer, who died on February 3, 2012. *See id.* The petition states that Plaintiff Nezih Abdullah Cetin obtained, in his capacity as the inheritor of Hasan Turgut Tümer, a certificate of inheritance upon the decision of 4. Civil Court of Peace of Istanbul dated February 20, 2012, with case number 2012/47 and decision number 2012/69. *See id.* The petition states that then by claiming to be an inheritor of Hasan Turgut Tümer, the defendant Barry Owen Tümer also obtained

a certificate of inheritance upon the decision of 1. Civil Court of Peace of Kadikoy dated May 17, 2012, with case number 2012/508 and decision number 2012/623. *See id.* The petition states that the civil registry records leading to the issuance of that certificate of inheritance were illegal and the certificate of inheritance issued as a legal consequence thereof was also illegal, and that the reason was that the defendant Barry Owen Tümer was illegally registered in the Turkish civil registry records. *See id.* The petition states that although he was not, by any means whether legally or biologically, the child of Hasan Turgut Tümer, the defendant Barry Owen Tümer illegally caused himself to be registered in the civil registry records of Hasan Turgut Tümer, who died on February 3, 2012, and obtained a certificate of inheritance, and wanted to carry out official procedures with that certificate of inheritance before the respective authorities and bodies. *See id.* The petition states that although the civil registry records seemed valid, they must be canceled because the documents leading to the issuance of such civil registry records were illegal; thus he requested the cancellation of the civil registry records of the defendant Barry Owen Tümer, who was illegally registered in the civil registry records of Hasan Turgut Tümer.[1] *See id.*

      Following the action for the cancellation of the civil registry records, the action was transformed into an action of paternity because its merits were related to paternity. *See id.* Regarding the action of paternity between the parties, the examination and DNA procedures for the deceased Hasan Turgut Tümer have been completed by the Turkish authorized bodies in order to determine whether the defendant Barry Owen Tümer is the biologic child of the deceased Hasan Turgut Tümer. *See id.* And since the DNA findings of the defendant Barry Owen Tümer are needed for the purposes of examination and comparison to be made with the biologic findings of the deceased Hasan Turgut Tümer and that of the defendant Barry Owen Tümer, it has become

---

[1] "He" appears to be a reference to the plaintiff Nezih Abdullah Cetin.

2

Case 1:24-mc-00260-AT   Document 3   Filed 06/12/24   Page 7 of 15

necessary to request the respective authorities of the United States to send the samples to form a basis to the DNA analysis of the defendant Barry Owen Tümer. *See id.* Specifically, the Türkiye Court has requested that the identification form ("Republic of Turkey Ministry of Justice Forensic Medicine Institute Biology Specialty Department Personal Sample Taking Form") provided by the Türkiye laboratory be completed and that the following evidence be procured from Barry Owen Tümer: two buccal (i.e., saliva) swab samples; copies of identification documents, such as a passport; a photograph; and a signed consent form. *See id.*

The Türkiye Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 ("HCCH 1970 Evidence Convention").

The request was then transmitted to the U.S. Attorney's Office for the Southern District of New York for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

**II.      ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION VOLUNTARILY**

Personnel from this Office contacted Mr. Barry Owen Tümer by phone on August 23, 2023, requesting he voluntarily submit to the DNA test. Ramirez-Fisher Decl. ¶ 7. Mr. Tümer notified this Office that he was traveling to Istanbul on September 1, 2023, to discuss this case with his attorney and that he would not be able to come to this Office to take the DNA test. *Id.* He said that would be back after September 16, 2023. *Id.* Subsequently, personnel from this Office telephoned and left messages for Mr. Tümer on September 26th, October 5th, October 6th, October 12th, and November 14th, 2023, to request that he voluntarily submit to the DNA collection. *Id.*

On January 19, 2024, and on February 7, 2024, this Office sent to Barry Owen Tümer letters by Federal Express, which were delivered, to again attempt to determine whether he would comply voluntarily with the Türkiye Court's request for a DNA sample. *Id.* ¶ 8 and Exs. C and D. Because the photograph provided by the online Federal Express tracking showed that the package sent on February 7, 2024, was delivered to nearby apartment 3A, out of an abundance of caution, on April 10, 2024, this Office sent to Barry Owen Tümer a letter by Federal Express, to again determine whether he would comply with the Türkiye Court's request for a DNA sample. *Id.* and Ex. E. Because this Office inadvertently did not provide the DNA sample request with the April 10, 2024 letter, on May 21, 2024, we sent to Barry Owen Tümer another letter by Federal Express, to once again determine whether he would comply with the Türkiye Court's request for a DNA sample. *Id.* and Ex. F. To date, Mr. Tümer has not responded to any telephonic or written attempts by this Office to contact him after August 2023. *Id.* ¶¶ 7, 8.

## ARGUMENT

For the reasons set out herein, the Court should grant the United States' application to appoint the undersigned as Commissioner, authorizing her to take the actions necessary, including the issuance of a subpoena,[2] to secure evidence from Barry Owen Tümer for use in the paternity proceeding before the Türkiye Court.

Initially, it is appropriate for this Court to grant the United States' application *ex parte*. "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (summary order) (collecting cases);

---

[2] The proposed subpoena is Exhibit B to the Ramirez-Fisher declaration.

4

*accord, e.g.*, *In re Hornbeam Corp.*, 722 F. App'x 7, 10–11 (2d Cir. 2018) (summary order); *In re Application of BNP Paribas Jersey Tr. Corp. Ltd.*, No. 18 Misc. 47 (PAC), 2018 WL 895675, at *2 (S.D.N.Y. Feb. 14, 2018).  Although these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.* Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

## I. THE HCCH 1970 EVIDENCE CONVENTION

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." HCCH 1970 Evidence Convention pmbl. The HCCH 1970 Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987).  The HCCH 1970 Evidence Convention is in force in both the United States and Türkiye. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited December 29, 2023) (the HCCH 1970 Evidence Convention entered into force in Türkiye on October 12, 2004).

Article 10 of the HCCH 1970 Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

HCCH 1970 Evidence Convention, art. 10. Furthermore, Article 9 of the HCCH 1970 Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *Whitney v. Robertson*, 124 U.S. 190, 194 (1888) ("By the constitution, a treaty is placed on the same footing, and made of like obligation, with an act of legislation."); *see also Reid v. Covert*, 354 U.S. 1, 18 (2000) (acknowledging that the Supreme Court "has also repeatedly taken the position that an Act of Congress, which must comply with the Constitution, is on a full parity with a treaty").

## II. THE UNITED STATES' APPLICATION FULFILLS THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782(a)

The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28 U.S.C. § 1782, and is titled "Assistance to foreign and international tribunals and to litigants before such tribunals." As relevant here, this section states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal

6

Rules of Civil Procedure.

28 U.S.C. § 1782(a).

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Application of Metallgesellschaft AG,* 121 F.3d 77, 80 (2d Cir. 1997)*; In re Application of Malev Hungarian Airlines,* 964 F.2d 97, 100 (2d Cir. 1992).

District courts frequently appoint DOJ attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to an international request. *See*, *e.g., In re Letter Rogatory from the Nedenes District Court, Norway,* 216 F.R.D. 277, 278 (S.D.N.Y. 2003); *see also In re Clerici, 4*81 F.3d 1324, 1329–30 (11th Cir. 2007); *In re Request for Int'l Judicial Assistance from the Norrköping Dist. Court, Sweden, 2*19 F. Supp. 3d 1061, 1063 (D. Colo. 2015).

This Court is authorized to provide assistance to the Türkiye Court if the three requirements set forth in § 1782 are met. Those requirements are: "(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person." *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (alterations and internal quotation marks omitted).

Here, each of these threshold statutory requirements is easily met. First, Barry Owen Tümer "resides or is found in" the Southern District of New York because the Türkiye request provides an address for Barry Owen Tümer at 435 Fort Washington Ave. Apt. 3H, New York, NY

7

10033-3528, and this Office confirmed Barry Owen Tümer resides in the 435 Fort Washington Ave. Apt. 3H, New York, NY 10033-3528 area. *See* Ramirez-Fisher Decl. ¶ 7. Second, according to the Letter Request, the Republic of Turkey Istanbul 8th Family Court requests the DNA in connection with an action of paternity and that the sample be sent to "our court." *Id.* Ex. 1. Third, the Letter Request is made by the Republic of Turkey Istanbul, 8th Family Court. *Id.* Thus, all of the statutory requirements for honoring the request for judicial assistance are satisfied.

### III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel Corp.*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*In re Svitavy*, 748 F. Supp. 2d at 525 (citing *Intel Corp.*, 542 U.S. at 264). "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt,*

8

*Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weighs in favor of assisting the Türkiye Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Svitavy*, 748 F. Supp. 2d at 526. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). In other words, it is of no matter that Barry Owen Tümer is a party to the proceedings before the Türkiye Court; his residence in the United States counsels in favor of assisting the Türkiye Court with obtaining the requested evidence as he is not subject to the Türkiye Court's jurisdiction. Thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the request to suggest that this Court should decline to grant the Application based on the nature of the Türkiye Court or the character of the proceedings. Additionally, this request was initiated by the Türkiye Court and not by an independent party; therefore, the Türkiye Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527 (granting a Section 1782 application in response to a request for a DNA sample sent from a Czech court); *see also In re Amtsgericht Ingolstadt*, 82 F.3d at 591 (affirming the district court's order directing the putative father to provide a blood sample for use in a paternity suit pending in Germany).

With respect to the third factor, because the requester is the Türkiye Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Türkiye Court discovery rules or to thwart policies of either the United States or Türkiye. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the Türkiye Court's request for judicial assistance.

And with respect to the fourth factor, the submission to a buccal swab and providing other supporting information would not be unduly intrusive or burdensome. "This is a simple request for the production of evidence that is routinely provided in support of paternity actions abroad . . . ." *Id*. In fact, "provid[ing] a DNA sample by buccal swab is a method substantially less invasive than the oft-approved production of a blood sample." *Id*. Accordingly, courts across the United States have consistently granted foreign judicial requests for blood samples or buccal swabs in paternity cases like the one here. *See, e.g., In re Letter of Request from Local Court of Pforzheim*, 130 F.R.D. 363, 366 (W.D. Mich. 1989) ("[T]he requirement of providing a blood sample in a paternity action is a routine one."); s*ee also In re Amtsgericht Ingolstadt*, 82 F.3d 590; *In re Nedenes*, 216 F.R.D. 277; *In re Letter of Request from Boras District Court*, 153 F.R.D. 31 (E.D.N.Y. 1994); *In re Letter Rogatory from Local Court of Ludwigsburg*, 154 F.R.D. 196 (N.D. Ill. 1994).

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Türkiye Court.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant its

Application for an Order pursuant to 28 U.S.C. § 1782(a): (1) appointing Leslie A. Ramirez-Fisher, Assistant United States Attorney, Commissioner and authorizing her to take the actions necessary, including the issuance of a subpoena, to secure evidence from Barry Owen Tümer for use in a paternity proceeding before the Türkiye Court in Istanbul, Republic of Türkiye; (2) authorizing the U.S. Marshals Service as the entity responsible for serving Barry Owen Tümer; and (3) authorizing the U.S. Marshals Service as the entity responsible for obtaining the DNA sample and other identification requirements from Barry Owen Tümer.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:   /s/ Leslie A. Ramirez-Fisher
LESLIE A. RAMIREZ-FISHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-0378
Email: leslie.ramirez-fisher@usdoj.gov